JACOB MEADE, Respondent, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals. November 1, 1897.

Master and Servant: DAMAGE: PERSONAL INJURY: EXCESSIVE VERDICT. In an action for damages because defendant's station agent poured coal oil over plaintiff's son's leg and set fire thereto, burning the boy, a verdict of $200 is not excessive.

*Appeal from the Daviess Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*M. A. Low* and *W. F. Evans* for appellant.

The most favorable view of the evidence in favor of respondent shows the damages to be as follows: Medicines and medical attention for boy's leg, $35; loss of two months' services of boy at fifty cents per day, $26; making a total of $61. The verdict was for $200. From this it follows that the amount found by the jury was clearly excessive; that they went beyond the evidence and awarded respondent the sum of $139 more than his own evidence showed.

*Wm. D. Hamilton* and *Boyd Dudley* for respondent.

The extreme moderation of the jury in assessing damages is conclusive proof of entire absence of passion and prejudice.

ELLISON, J.—This action is for damages alleged to have accrued to plaintiff by reason of loss of services occasioned by an injury inflicted by defendant's

agent on his minor son. The judgment was for plaintiff in the sum of $200.

It appears that plaintiff's son was seventeen years of age and that on September 24, 1895, he went into defendant's depot at Altamont and went to sleep. That while so asleep, defendant's station agent poured coal oil over and upon his leg and foot and then set the oil on fire, causing the boy to be severely burned. The only objection to the judgment is that the verdict on which it is founded was excessive.

The expense for medical attention was shown to be $35. The boy's services were shown to be worth from forty to fifty cents per day. He was confined to his bed a month and three days and "went on crutches a month" longer. The court instructed the jury that in estimating damages they could include expense of medicine and medical attendance, as well as loss of services both past and future up to the time the son became twenty-one years of age.

Under the testimony and instructions mentioned it is evident that defendant's point that the verdict was excessive is not well taken. The judgment is affirmed. All concur.